IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERROD HAMPTON, # 20171207069, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-cv-1364-NJR |
| ILLINOIS DEPT. OF CORRECTIONS, and PINCKNEYVILLE CORRECTIONAL CENTER, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Sherrod Hampton, an inmate currently incarcerated at the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's claims arose at Pinckneyville Correctional Center ("Pinckneyville") in the course of his transfer to another institution to be released on parole. Plaintiff claims that Defendants are responsible for the intentional loss of his personal property items, much of which were irreplaceable and which Plaintiff needed to defend against pending criminal charges.

The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27

1

(7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that while some of Plaintiff's allegations may support a viable constitutional claim, the claims cannot proceed against the named defendants. The Complaint shall therefore be dismissed without prejudice, and Plaintiff shall have the opportunity to submit an amended complaint in order to correct the deficiencies in his pleading.

### **The Complaint**

On June 5, 2018, which was Plaintiff's release date after completing the incarceration portion of his sentence, he was transported from Pinckneyville to Stateville/NRC. (Doc. 1, p. 4). The Lieutenant who transported Plaintiff away from Pinckneyville told him that Plaintiff's property was not on the bus with him because Plaintiff allegedly "pissed off the field service people the day before by not immediately signing [his] parole plans." (Doc. 1, p. 4). Plaintiff's property had been inventoried and packed up the night before his transfer. He was the only person being transferred from Pinckneyville to Stateville for discharge on June 5, and he was the only inmate whose property

2

was to have been put on the transfer bus. (Doc. 1, p. 6).

Upon hearing that his property was not with him, Plaintiff tried to refuse the transfer, but could not because he was already seated in the bus and handcuffed to the chain at his seat. (Doc. 1, p. 4). The Lieutenant told Plaintiff to calm down, and his property would be shipped on the next day's bus to Stateville (on June 6, 2018). Plaintiff tried to explain that he would not be at Stateville on June 6, because he would be released by then. The Lieutenant responded with "the most devilish grin [Plaintiff had] ever seen" and said, "Well it sucks to be you then don't it!" then got off the bus. (Doc. 1, p. 4).

Plaintiff's property included important addresses and phone numbers, affidavits from people willing to testify in his case, and original rental and lease documents that are "essential" to his defense in a pending criminal case in Lake and/or Cook County. (Doc. 1, pp. 4-5) Plaintiff asserts that he had "every possible element needed to guarantee [his] freedom," and the documents were indispensable to obtaining a dismissal of the criminal case. Without them, he faces 15 years in prison.

Plaintiff asserts that his property was withheld from being shipped on his transfer bus as "an intentional act of retaliation by the Pinckneyville Correctional Center and IDOC Staff." (Doc. 1, p 5). He bases this belief on the transfer Lieutenant's statement to him, and on the fact that after Plaintiff's property was inventoried the night before, he noticed that the property slip was incorrect. It had the wrong dates, noting the property was packed on June 6, 2018 (instead of June 4), and would be shipped on June 8, 2018 (instead of June 5). (Doc. 1, pp. 5, 7). Immediately after Plaintiff realized the error on June 4, 2018, he asked several officers to correct it. They assured him, however, that there was no way he would be discharged without his property. This turned out to be untrue.

Plaintiff concludes that Defendants will be "responsible for any amount of time [he] may receive" on the pending criminal charges, because he has been "completely stripped of a[n] opportunity to prove [his] innocence." (Doc. 1, p. 5). Plaintiff and his family have contacted both Pinckneyville and Stateville attempting to locate his property, but neither facility has been able to

find it. (Doc. 1, p. 6).

As relief, Plaintiff seeks to have his criminal cases in Lake and Cook Counties dismissed because Defendants were responsible for losing his evidence. (Doc. 1, p. 9). In the alternative, Plaintiff seeks money damages. *Id.*

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** First Amendment retaliation claim, against Pinckneyville officials who intentionally withheld Plaintiff's property from the transfer bus, after Plaintiff delayed signing his parole paperwork;
>
> **Count 2:** Claim under the First and Fourteenth Amendments for denial of access to the courts, against Pinckneyville officials who deprived Plaintiff of documentary evidence he needed to defend against pending criminal cases in Lake and Cook Counties;
>
> **Count 3:** Fourteenth Amendment claim against Pinckneyville officials for deprivation of Plaintiff's property without due process of law.

The Complaint fails to state a claim upon which relief may be granted against the Illinois Department of Corrections or the Pinckneyville Correctional Center for Counts 1 and 2. Those claims shall be dismissed without prejudice and with leave to amend. If Plaintiff amends his Complaint to name the individual employees who he alleges were responsible for violating his constitutional rights, those claims may go forward. Count 3 fails to state a federal claim upon which relief may be granted, regardless of who may be named as a defendant, and shall be dismissed with prejudice from this action. Plaintiff may, however, be able to seek redress for the loss of his property in the Illinois Court of Claims.

**State Agency Defendants**

Plaintiff cannot maintain a suit for damages against the Illinois Department of Corrections, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).

Likewise, the Pinckneyville Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a Section 1983 suit. *See Will*, 491 U.S. at 71. For these reasons, the Pinckneyville Correctional Center and the Illinois Department of Corrections shall be dismissed from this action with prejudice.[1]

In order to seek money damages in a federal civil rights action, a plaintiff must sue the individual state official who was directly, personally responsible for the violation of his constitutional rights. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). In this case, that would appear to be the Pinckneyville staff member(s) who took the action of preventing Plaintiff's property box(es) from being sent with him to Stateville. Naming the institution or even the prison's warden as a defendant does not suffice, because there is no supervisory liability in a Section 1983 action. *Id.*

---

[1] An agency director or prison warden may be named as a defendant in his or her official capacity only, where injunctive relief is sought in a civil rights action, without running afoul of the Eleventh Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

**State Criminal Cases Cannot be Dismissed**

Even if Plaintiff were to ultimately prevail on the claims asserted in his Complaint, this Court is without power to order the dismissal of the state criminal cases now pending against Plaintiff. Under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings. *See Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). In fact, federal courts are required to abstain from enjoining such proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)).

The loss of Plaintiff's evidentiary material does not present an "extraordinary circumstance" that would permit federal intervention in the pending state prosecution. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (special circumstances warranting federal intervention are generally limited to issues of double jeopardy and speedy trial).

**Dismissal of Count 1 – Retaliation**

Prison officials may not retaliate against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). The issue in a retaliation claim is whether the plaintiff experienced an adverse action that would deter a person of "ordinary firmness" from engaging in First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the defendants'

decision to take the retaliatory action. *See McKinley v. Schoenbeck*, No. 17-1709, 2018 WL 1830942 at *3 (7th Cir. Apr. 17, 2018) (quoting *Surita v. Hyde*, 665 F.3d 860, 878-79 (7th Cir. 2011)); *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

Here, Plaintiff does not describe having filed a grievance or raised a complaint that clearly falls within the realm of protected First Amendment activity. It is possible, however, that Plaintiff's act of "not immediately signing" his parole plan document(s), which allegedly prompted the unidentified "field service people" to cause Plaintiff's property to be held back, could be considered protected speech. Plaintiff gives no further information about that encounter, from which the Court might draw a conclusion as to the application of the First Amendment to Plaintiff's speech or actions. In any event, a retaliation claim cannot go forward until Plaintiff names the individual(s) who took the retaliatory action as defendants. **Count 1** shall therefore be dismissed without prejudice at this time.

### Dismissal of Count 2 – Access to Courts

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). In order to state a claim for denial of access to the courts, a prisoner must first show that a prison official deprived him of legal materials or assistance. *See Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992). Secondly, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). The plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-

06 (7th Cir. 2010).

In this case, Plaintiff has identified the pending criminal cases against him as the relevant litigation. He has alleged that the deprivation of his legal and evidentiary documents has made it impossible to mount an effective defense to those pending charges. These facts would support a claim for denial of access to the courts at this stage—except that again, Plaintiff has not identified the responsible individual(s) who allegedly caused his legal materials to go missing. **Count 2** shall therefore be dismissed without prejudice, with leave to re-plead.

### Dismissal of Count 3 – Due Process/Deprivation of Property

Plaintiff's claim for the loss of his property may also be viewed separately from the court-access matter. It also implicates Plaintiff's right, under the Fourteenth Amendment, to be free from deprivation of his property by state actors without due process of law.

To state such a claim under the Due Process clause of the Fourteenth Amendment, Plaintiff must establish that he was deprived of property *without due process of law*. If the state provides an adequate remedy—in other words, a legal process to adjudicate the claim for deprivation of property—Plaintiff cannot maintain a federal civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in the form of an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995).

Because Plaintiff may avail himself of a claim for compensation in the Illinois Court of Claims, the civil rights claim in **Count 3** for deprivation of property shall be dismissed from this action for failure to state a claim upon which relief may be granted. The dismissal from this civil rights case shall be with prejudice, but shall not preclude Plaintiff from bringing the claim in Illinois state court, should he wish to do so.

Because each of the above claims (Counts 1-3) shall be dismissed, the Complaint (Doc. 1) shall also be dismissed without prejudice, with leave to amend. If Plaintiff submits an amended complaint that still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to Section 1915(g). The amended complaint shall be subject to review under Section 1915A.

**Pending Motion**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3). The dismissal of the Complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable amended complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff's motion reflects no efforts to secure counsel on his own. He states that he has been

9

"traveling back and forth on court writs" and has no phone numbers or resources. (Doc. 3, p. 1). The fact that Plaintiff has sent correspondence to this Court, however, indicates that he would be capable of writing to attorneys or law firms seeking representation. At this stage, the Court cannot conclude that Plaintiff has made reasonable efforts to obtain counsel.

As to the second inquiry, Plaintiff states that his education includes "some college." (Doc. 3, p. 2). The Complaint shows that Plaintiff is articulate and capable of stating the relevant facts and his legal claims. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. All that is required is for Plaintiff to flesh out the facts underlying his claims, and identify the individuals who allegedly deprived him of his property. Plaintiff alone has knowledge of these facts, and no legal training or knowledge is required to set them down on paper. Therefore, the recruitment of counsel is not warranted at this time and the motion (Doc. 3) is **DENIED** without prejudice. The Court will remain open to appointing counsel as the case progresses.

## Disposition

**COUNTS 1 and 2** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNT 3** is **DISMISSED** with prejudice for failure to state a federal constitutional claim upon which relief may be granted. The dismissal of the loss-of-property claim in **COUNT 3** shall not preclude Plaintiff from seeking compensation in the Illinois Court of Claims, should he wish to do so.

Defendants **ILLINOIS DEPARTMENT OF CORRECTIONS** and **PINCKNEYVILLE CORRECTIONAL CENTER** are **DISMISSED** from this action with prejudice.

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint on or before **September 4, 2018**). It is strongly recommended that

Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 18-cv-1364-NJR. The amended complaint may include the claims designated as **COUNTS 1 and 2** above, but shall **NOT** include the claim designated herein as **COUNT 3**, which was dismissed with prejudice.

For each count in the amended complaint, Plaintiff shall specify, *by name*,[2] each individual defendant alleged to be liable under the particular count, as well as the actions alleged to have been taken by that defendant. Plaintiff should state facts to describe what each named defendant did (or failed to do), that violated his constitutional rights. New individual defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting the defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces all prior complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

If Plaintiff fails to file an amended complaint within the allotted time or consistent with the instructions set forth in this Order, the action shall be subject to dismissal with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any defendant until after the Court completes its Section

---

[2] Plaintiff may designate an unknown defendant as John or Jane Doe, but he should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

1915A review of the First Amended Complaint. If the First Amended Complaint fails to survive review under Section 1915A, Plaintiff may also incur a "strike."

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 6, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**